BOARD OF COMMISSIONERS FOR THE COUNTY OF CUMBERLAND
v. C. W. McNEAR & CO.

(Filed 31 October, 1923.)

**Statutes—Substantial Compliance—Elections—Municipal Corporations—
Schools—Bonds—Taxation.**

Township bonds for public school purposes, authorized at an election held 9 May, 1923, under the provisions of C. S., ch. 95, are not invalid, when otherwise regular, on the ground that this section of the Consolidated Statutes was superseded by the prior enactment of chapter 136, Public Laws of 1923, there having been a substantial compliance with the requirements of the statutes on the subject.

CONTROVERSY without action heard by *Sinclair, J.,* at September Term, 1923, of CUMBERLAND.

Judgment for plaintiff.  Appeal by defendant.

*Dye & Clark for plaintiff.*

ADAMS, J.  On 12 June, 1923, the plaintiff, after due advertisement, accepted the bid of the National Bank of Fayetteville for $75,000 of bonds to be issued for Pearce's Mill Township School District in said county, bearing interest at the rate of 6 per cent per annum, payable semiannually, and ordered that the bonds be delivered to the bank upon payment of the amount due.  The bonds were to be prepared and executed in accordance with a resolution of the plaintiff adopted 19 May, 1923.  The bank transferred its bid to the defendant, and the plaintiff furnished the defendant with a certified transcript of all the proceedings relating to the issue of said bonds.  The defendant refused to accept and pay for the bonds on the ground that they were invalid because they were authorized at an election held on 9 May, 1923, under the provisions of C. S., ch. 95, which, on 15 April, 1923, was superseded by the Public Laws of 1923, ch. 136, and that the plaintiff was without

authority to order the election which approved the issue of the bonds. The school district is a duly constituted special-tax district, the boundaries of which are coterminous with the boundaries of the township. The petition, order, notice and all the other proceedings relating to the election were in all respects regular, and the election was duly declared carried in favor of the bonds and the levy of a tax for their payment as they became due.

His Honor rendered judgment declaring that the order of election was made pursuant to authority vested in the plaintiff; that the election was legally and properly called, held, and determined; that the bonds when issued will be valid, and that the defendant is bound by its contract of purchase.

We have carefully examined the proceedings relating to the election in connection with the various statutes regulating the issuing of bonds in counties, townships, and school districts set forth in C. S., secs. 5527 and 5676 et seq., and in Public Laws 1923, ch. 136, and from our investigation we are satisfied there has been a substantial compliance with all the statutory requirements, and the defendant's exception is without merit. The judgment of his Honor is

Affirmed.